UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VIRGINIA R.,

                              Plaintiff,

v.                                                          5:19-CV-01264
                                                            (TWD)
ANDREW SAUL, *Commissioner of the*
*Social Security Administration*,

                              Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

SEGAR & SCIORTINO, PLLC                        GREGORY T. PHILLIPS, ESQ.
  *Counsel for Plaintiff*
400 Meridian Centre
Suite 320
Rochester, New York 14618

U.S. SOCIAL SECURITY ADMIN.                    LISA SMOLLER, ESQ.
  *Counsel for Defendant*
Social Security Administration
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## DECISION AND ORDER

       Currently before the Court, in this Social Security action filed by Virginia R. ("Plaintiff")

against the Commissioner of Social Security ("Defendant" or the "Commissioner") pursuant to

42 U.S.C. § 405(g), are Plaintiff's motion for judgment on the pleadings and Defendant's motion

for judgment on the pleadings.  (Dkt. Nos. 14, 17.)  For the reasons set forth below, Plaintiff's

motion for judgment on the pleadings is granted and Defendant's motion for judgment on the

pleadings is denied.  The Commissioner's decision denying Plaintiff's disability benefits is vacated and this matter is remanded for further proceedings consistent with this opinion.

## I.   BACKGROUND

On June 9, 2016, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning January 1, 2015.  (Administrative Transcript[1] at 4.)  Plaintiff's claim was denied initially on August 19, 2016.  *Id*.  Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ").  *Id*.  She subsequently appeared at an administrative hearing before ALJ Robyn L. Hoffman on June 20, 2018.  *Id*.

On August 22, 2018, the ALJ issued a written decision finding Plaintiff not disabled.  T. 4-17.  The ALJ's decision followed the Social Security Administration's ("SSA") five-step sequential evaluation process for determining whether an adult is disabled.  *See* 20 C.F.R. § 416.920(a).  At step two, the ALJ found Plaintiff suffered from the following severe impairments: "rheumatoid arthritis, fibromyalgia, chronic obstructive pulmonary disease (COPD), asthma, migraines, and a cervical spine herniated disc."  T. 6.  The ALJ found, based on the above-stated impairments, Plaintiff had the residual functional capacity ("RFC") to: "occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, sit up to six hours in an eight-hour day, and stand or walk approximately six hours in an eight-hour day with normal breaks.  She should avoid exposure to excessive amounts of respiratory irritants such as dust, odors, fumes, and gases, and extreme hot and cold temperatures."  T. 9-10.  Given Plaintiff's RFC, the ALJ concluded she was not disabled because there were significant numbers of jobs in the national economy she could perform.  T. 12.

---

[1]  The Administrative Transcript is found at Dkt. No. 8.  Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers the Court's CM/ECF electronic filing system assigns.

Plaintiff sought review of the ALJ's decision to the Appeals Council. On August 9, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. T. 18-22. Thereafter, Plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision on October 7, 2019. (Dkt. No. 1.) Pursuant to General Order 18, each party submitted supporting briefs that this Court treats as competing motions for judgment on the pleadings. (Dkt. Nos. 14, 17.)

Plaintiff's main contention is the ALJ failed to appropriately consider medical evidence related to her mental impairments. (Dkt. No. 14.) Specifically, Plaintiff contends the ALJ's step-two determination was erroneous given Plaintiff's long history of treatment for mental impairments—including her ten-year history treating with Dr. James Donovan. *Id*. According to Plaintiff, had the ALJ considered Dr. Donovan's letter opinion and treatment history she would have concluded Plaintiff suffered from severe mental impairments at step-two. *Id*. Defendant, on the other hand, asserts the ALJ properly evaluated the evidence concerning Plaintiff's mental conditions and reasonably determined that her depression, anxiety, and post-traumatic stress disorder were not severe impairments. (Dkt. No. 17.)

## II.    DISCUSSION

### A.    Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Featherly v. Astrue*, 793 F. Supp. 2d 627, 630 (W.D.N.Y. 2011) (citations omitted); *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (*citing Johnson v. Bowen*, 817 F.2d 983, 985 (2d. Cir. 1987)). A reviewing court may not affirm the ALJ's decision if it reasonably doubts

whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986.

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g) (2015); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d. Cir. 1991). To facilitate the Court's review, an ALJ must set forth the crucial factors justifying her findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Roat v. Barnhart*, 717 F. Supp. 2d. 241, 248 (N.D.N.Y. 2010); *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d. Cir. 1984). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d. Cir. 1988) (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Featherly*, 793 F. Supp. 2d. at 630; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted). Where substantial evidence supports the ALJ's findings they must be sustained "even where substantial evidence may support the plaintiff's positions and despite that the court's independent analysis of the evidence may differ from the [ALJ's]." *Rosado*, 805 F. Supp. at 153. In other words, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if

4

the record contains substantial support for the ALJ's decision. *Rutherford v. Schweiker*, 685 F.2d. 60, 62 (2d. Cir. 1982).

### B.      Standard for Benefits[2]

To be considered disabled, a plaintiff-claimant seeking benefits must establish that he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2015). In addition, the plaintiff-claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id*. § 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. § 405(a)), the SSA promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 416.920(a)(4) (2015). Under that five-step sequential evaluation process, the decision-maker determines:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her

---

[2]  The requirements for establishing disability under Title XVI, 42 U.S.C. § 1382c(a)(3) and Title II, 42 U.S.C. § 423(d), are identical, so that "decisions under these sections are cited interchangeably." *Donato v. Sec'y of Health and Human Servs.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983) (citation omitted).

> past relevant work despite the impairment; and (5) whether there
> are significant numbers of jobs in the national economy that the
> claimant can perform given the claimant's residual functional
> capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d. Cir. 2014).  "If at any step a finding of disability or

non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thomas*,

540 U.S. 20, 24 (2003).

## C.     Failure to Consider Medical Evidence

"An ALJ should consider 'all medical opinions received regarding the claimant.'"  *Reider*

*v. Colvin*, No. 15-CV-6517, 2016 WL 5334436, at *5 (W.D.N.Y. Sept. 23, 2016) (quoting

*Spielberg v. Barnhart*, 367 F. Supp. 2d 276, 281 (E.D.N.Y. 2005)); *see also* SSR 96-8p (SSA),

1996 WL 374184, at *7 (July 2, 1996).  This Court has ordered remand in cases where the ALJ

failed to appropriately explain the weight afforded to opinion and medical evidence.  *See Jordan*

*v. Comm'r of Soc. Sec.*, No. 8:15-CV-0436, 2016 WL 3661429, at *5 (N.D.N.Y. July 5, 2016)

(finding remand necessary where the ALJ failed to weigh the opinions from two treating

physicians); *Campbell v. Astrue*, 713 F. Supp. 2d 129, 140 (N.D.N.Y. 2010) (remanding where

the ALJ "did not explain why his findings were contrary, discuss [the State Agency physician's]

opinions, or give weight to her opinions"); *Duell v. Astrue*, No. 8:08-CV-0969, 2010 WL 87298,

at *5 (N.D.N.Y. Jan. 5, 2010) (remanding in part due to the ALJ's failure to explain the weight

he afforded to the opinions of various consultative physicians and psychologists).  However,

failure to consider or weigh an opinion may be harmless error where consideration of that

opinion would not have changed the outcome.  *See Cottrell v. Colvin*, 206 F. Supp. 3d 804, 810

(W.D.N.Y. 2016) (noting that an error is considered harmless where proper consideration of the

physician's opinion would not change the outcome of the claim) (*citing Zabala v. Astrue*, 595

F.3d 402, 409 (2d Cir. 2010)); *Camarata v. Colvin*, No. 6:14-CV-0578, 2015 WL 4598811, at

*16 (N.D.N.Y. July 29, 2015) (denying a request for remand because application of the correct legal standard would not have changed the outcome).

As noted above, Plaintiff asserts the Commissioner erroneously found her mental impairments as "non-severe," and indicative of "only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on [Plaintiff's] ability to work." T. 5, 7-9. To that end, Plaintiff argues the ALJ erred in ignoring medical evidence from Dr. James Donovan. Dr. Donovan was Plaintiff's psychiatrist between 2006 and 2016. T. 563. In response to a letter from her attorney, Dr. Donovan provided a letter regarding his treatment of Plaintiff. T. 684. The letter indicates Plaintiff was last seen on October 6, 2016, and that she was a patient for ten years. *Id.* According to Dr. Donovan, Plaintiff's diagnosis was "Major Depressive Disorder, Recurrent, Moderate," and she "had a downward course." *Id.* Dr. Donovan noted he "saw [Plaintiff] as compromised, and prognosis was guarded." *Id.* Accompanying the letter was a printout noting the dates Plaintiff treated with Dr. Donovan. In total, Plaintiff saw Dr. Donovan (or another provider at his service) 44 times between June 26, 2006, and October 6, 2016. T. 685. Though the majority of these appointments occurred before the date Plaintiff is claiming as the onset of her disability, five of those appointments took place during the relevant timeframe. *Id.*

Plaintiff also testified at her hearing that she had to stop seeing Dr. Donovan because she could no longer afford to pay for the appointments out of pocket. T. 51. Plaintiff, however, noted Dr. Donovan helped her with her anxiety but that her depression had worsened recently. T. 52.

In her decision, the ALJ did not mention or consider Plaintiff's long history of treatment with Dr. Donovan or his letter. T. 7-9. Rather, in evaluating Plaintiff's mental conditions, the

ALJ gave "great weight" to consultative examiner Dr. Shapiro's medical opinion and some weight to a state reviewing psychologist.  T. 7.  The ALJ noted Dr. Shapiro opined Plaintiff "had mild or no limitation in almost every area assessed," and the state reviewing psychologist concluded Plaintiff had no severe mental impairment.  *Id*.

As noted above, it is axiomatic that an ALJ must consider all relevant medical evidence when analyzing a claim of disability.  *See* 20 C.F.R. § 416.927(c) (stating an ALJ "will evaluate every medical opinion we receive.").  From a practical sense, that means the ALJ must not only "adequately explain [her] reasoning in making the findings on which [her] ultimate decision rests," but also must "address *all* pertinent evidence."  *Calzada v. Asture*, 753 F. Supp. 2d 250, 269 (S.D.N.Y. 2010).  "[A]n ALJ's failure to acknowledge relevant evidence or to explain its implicit rejection is plain error."  *Id*. (internal quotation marks omitted); *Rodriguez v. Astrue*, No. 11 CIV. 7720, 2012 WL 4477244, at *30 (S.D.N.Y. Sept. 28, 2012).  Here, the ALJ failed to consider or discuss Dr. Donovan's letter and report documenting a long history of treatment for mental impairments.  This is legal error.[3]  Furthermore, the Court finds this error is harmful because there is at least a reasonable likelihood that a different result could be reached if the ALJ properly considered and weighed Dr. Donovan's letter and Plaintiff's treatment history.  *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) (noting remand is unnecessary "[w]here application of the correct legal standard could lead to *only* one conclusion" (emphasis added));

---

[3]  The ALJ's reliance on Dr. Shapiro's opinion only exacerbates the error and demonstrates that the ALJ should have developed the record further.  Notably, Dr. Shapiro specifically mentioned Dr. Donovan's treatment (T. 560) and suggested she continue with treatment as currently provided.  T. 564.  Considering the ALJ relied heavily on Dr. Shapiro's opinion, it was erroneous for her not to consider or discuss the evidence cited within that opinion—specifically Dr. Donovan's letter.

*Johnson*, 817 F.2d at 986 ("[W]here application of the correct legal principles to the record could lead [only to the same] conclusion, there is no need to require agency reconsideration.").

Defendant attempts to side-step the ALJ's legal error and instead contends Plaintiff did not raise any issue with the ALJ's failure to consider or even mention Dr. Donovan's letter and treatment history.  (Dkt. No. 17 at 7 n.3.)  However, the Court finds Plaintiff did not waive this argument and appropriately raised it when she discussed that the ALJ ignored favorable evidence.  (Dkt. No. 14-1 at 8-9.)  Plaintiff's brief successfully preserves her argument that the ALJ erred in failing to consider the opinion of Dr. Donovan, a treating physician.

Seemingly acknowledging the ALJ's error, Defendant argues Dr. Donovan's letter was too vague and did not include any functional limitations and, thus, not mentioning the letter was harmless.  (Dkt. No. 17.)  However, even if the letter is vague, the ALJ still erred in failing to re-contact Dr. Donovan for clarification.  *See Selian v. Astrue*, 708 F.3d 409, 421 (2d. Cir. 2013) (noting that, in a case where the treating physician's opinion was "remarkably vague," that "[a]t a minimum, the ALJ likely should have contacted [the treating physician] and sought clarification of his report," citing these regulations); *Ashley v. Comm'r of Soc. Sec.*, No. 14-CV-40, 2014 WL 7409594, at *4 (N.D.N.Y. Dec. 30, 2014) (concluding that in the circumstances of the case, under these regulations, "[t]he ALJ ought to have contacted the doctor for clarification on his conclusion").  The Second Circuit has long recognized that a "Social Security ALJ, unlike a judge in a trial, must on behalf of all claimants . . . affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d. Cir. 2009); *accord Pratts v. Chater*, 94 F.3d 34, 37 (2d. Cir.1996).  This duty to develop the record has its roots in the Commissioner's regulatory obligation to ascertain a claimant's complete medical history before making a disability determination.  *Pratts*, 94 F.3d at 37 (*citing*

20 C.F.R. § 404.1512(d)-(f) (2014)).  Indeed, there is a heightened duty to develop the record

when a mental impairment is involved.  *See*, *e.g.*, *Corporan v. Comm'r of Soc. Sec.*, No. 12-CV-

6704, 2015 WL 321832, at *22 (S.D.N.Y. Jan. 23, 2015) ("The ALJ's duty to develop the record

is enhanced when the disability in question is a psychiatric impairment."); *Bushansky v. Comm'r

of Soc. Sec.*, No. 13-CV-2574, 2014 WL 4746092, at *5 (S.D.N.Y. Sept. 24, 2014) ("When a

disability claim is based on a psychiatric illness[,] the ALJ's duty to develop the record is

enhanced." (internal quotation marks omitted)); *Hidalgo v. Colvin*, No. 12-CV-9009, 2014 WL

2884018, at *4 (S.D.N.Y. June 25, 2014) (noting that the ALJ's duty to develop the record is

"particularly important where an applicant alleges he is suffering from a mental illness").  Here,

even if the Court were to conclude Dr. Donovan's letter was too vague, it would have to find the

ALJ's failure to develop the record and recontact Dr. Donovan is an independent basis to order

remand.

Plaintiff has also argued more generally that the totality of the medical evidence in the

record establishes that she suffered from depression and anxiety that should have been

considered severe impairments at step-two of the sequential evaluation process.  (Dkt. No. 14-1

at 13-14.)  The Court notes the record does include several instances where Plaintiff was treated

for her mental impairments beyond Dr. Donovan.  For example, on January 12, 2015, she

presented to Marcellus Family Medicine, PLLC and reported experiencing "anxiety, depression,

mood changes, racing thoughts, sadness and stress."  T. 462; (*see also* Dkt. No. 14-1 at 9-13

(Plaintiff's brief describing her mental treatment).)  Nevertheless, the Court is not prepared to

state unequivocally that the ALJ must find Plaintiff's mental impairments are severe on this

record.  Rather, it is the ALJ's duty to weigh the evidence and consider its implications.  Here,

the Court's holding is limited to the ALJ's failure to appropriately consider all the relevant

evidence and develop a full record as to Plaintiff's mental impairments.  The Court expresses no opinion as to the conclusion the ALJ may reach when she reevaluates the evidence.

       In short, the Court finds remand is appropriate because the ALJ failed to address Dr. Donovan's opinion in determining the severity of Plaintiff's mental impairments.  On remand, the ALJ should seek further records from Dr. Donovan and a medical source statement detailing his opinion as to Plaintiff's mental impairments.

## III.    CONCLUSION

       In light of the foregoing, the Court finds substantial evidence does not support the ALJ's decision.

       **ACCORDINGLY**, it is

       **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No.  14) is **GRANTED**; and it is further

       **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 17) is **DENIED**; and it is further

       **ORDERED** that Defendant's decision denying Plaintiff disability benefits is **VACATED**, and this case is **REMANDED**, pursuant to Sentence Four of 42 § U.S.C. 405(g) for proceedings consistent with this Decision and Order.

Dated: October 19, 2020
      Syracuse, New York

Therese Wiley Dancks
United States Magistrate Judge

11